```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X
RAMON LIRIANO & RENSO MAURA,
                                              FIRST AMENDED
                        Plaintiffs,           COMPLAINT

           -against-

THE CITY OF NEW YORK, P.O. JUSTN
CRACCHIOLA, Shield # 9588, Tax # 925131,      ECF Case
P.O. EDWIN ESPINAL, Shield # 20689, Tax ID #
943211, and P.O. John Does # 1-2, the         Jury Trial Demanded
individual defendants sued individually
and in their official capacities,

                        Defendants.
---------------------------------------- X
```

**PRELIMINARY STATEMENT**

1.  This is a civil rights action in which plaintiffs seeks relief for the violation of their rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The claims arise from an incident, which occurred on or about December 16, 2010. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, false arrest, excessive force, malicious prosecution, unlawful search and seizure, retaliation for free speech, conspiracy, fabricated evidence, denial of medical care, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiffs seeks compensatory and punitive damages, declaratory relief, an award of costs and

attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

4. Plaintiff Ramon Liriano is a resident of the State of New York, Kings County.

5. Plaintiff Renso Maura is a resident of the State of New York, Kings County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

7. Police Officer Justin Cracchiola, is a New York City Police Officer, assigned Shield # 9588, and assigned to the 72nd Precinct in Brooklyn, New York who violated plaintiffs' rights as described herein.

8. Police Officer Edwin Espinal, is a New York City Police Officer, assigned Shield # 20689, and assigned to the 72nd Precinct in Brooklyn, New York who violated plaintiffs' rights as described herein.

9. Defendants P.O. John Does # 1-2 are New York City Police Officers employed in Brooklyn, New York who violated plaintiff's rights as described herein.

10. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. On or about December 16, 2010, at approximately 6:41 p.m., in the vicinity of Sixth Avenue and 41st Street, Brooklyn, New York, and the 72nd Precinct, Brooklyn, New York, police officers from the 72nd Precinct, including defendants P.O. Cracchiola, P.O. Edwin Espinal and P.O. John Does # 1-2, committed the following illegal acts against plaintiffs.

12. Plaintiffs were passengers in a parked car owned and operated by a third party, Juan Perez, when police officers approached the vehicle. Police officers allege that a .32 caliber handgun was recovered in Mr. Perez' jacket pocket, which was on the driver's seat of the vehicle and a BB gun was recovered from Mr. Perez' waistband. However, Mr. Perez stated to officers at the arrest scene at 6:41 p.m. and again at the 72nd Precinct at approximately 10:40 p.m. that both the BB gun found in his

3

waistband and the .32 caliber revolver found his jacket pocket were his.

13. In effectuating this arrest of plaintiffs, police officers assigned to the 72nd Precinct illegally seized, and subjected plaintiffs to excessive force, without cause or justification, by, among things, grabbing and shoving plaintiffs, twisting plaintiffs' arms, placing excessively tight handcuffs on plaintiffs' wrists, and tossing plaintiffs into a police vehicle while handcuffed. Those officers who did not touch plaintiffs failed to protect him from these actions.

14. Plaintiffs were arrested without probable cause by these officers and was taken to the 72nd Precinct. Thereafter, plaintiffs were removed to Brooklyn Central Booking, where they were subjected to depraved, filthy, and inhumane conditions of confinement before being arraigned.

15. While Plaintiffs were incarcerated at the 72nd Precinct and in Brooklyn Central Booking, awaiting arraignment, the officers who arrested them, acting in concert, and pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiffs had committed various crimes.

16. As a result of the officers' actions plaintiffs experienced personal injuries, pain and suffering, fear, an

invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

17. The City of New York was aware prior to the aforesaid incident that the officers who violated plaintiffs' rights were insufficiently trained and incompetent concerning police tactics and procedures. Nevertheless, the City declined to take remedial action.

18. While plaintiffs were incarcerated at the 72nd Precinct and Central Booking awaiting arraignment, the defendants pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiffs had committed crimes, and based on the officer's false allegations, the District Attorney's Office prosecuted plaintiff Ramon Liriano in Kings County under Docket Number 2010KN098937 and Plaintiff Renso Maura under Docket Number 2010KN098936.

19. To cover up their misconduct among other improper reasons, the police officers, including defendant P.O. Cracchiola and P.O. Edwin Espinal, intentionally, knowingly and purposely provided false statements and information to cause plaintiffs to be prosecuted.

20. The police officers, including defendant P.O. Cracchiola and P.O. Edwin Espinal initiated the above-stated malicious prosecution against plaintiffs.

21. The police officers, including defendant P.O. Cracchiola and P.O. Edwin Espinal, lacked probable cause to believe the above-stated malicious prosecution could succeed.

22. The police officers, including defendant P.O. Cracchiola and P.O. Edwin Espinal, acted with malice to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

23. The above-stated malicious prosecution caused a liberty restraint on plaintiffs.

24. The above-stated malicious prosecution, initiated by the police officers, including defendant P.O. Cracchiola and P.O. Edwin Espinal, terminated in plaintiffs' favor when the District Attorney's office moved to dismiss this matter.

25. The individual defendants acted in concert in committing these illegal acts against plaintiffs.

26. The aforesaid events were not an isolated incident. Defendant City of New York has been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Defendant City of New York was further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice,

6

defendant City of New York has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27. Moreover, defendant City of New York was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant City of New York has retained these officers, and failed to adequately train and supervise them.

28. Plaintiffs did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

29. The individual defendant did not observe plaintiffs engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

30. At no time prior to, during or after the above incidents were individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had engaged in suspicious, unlawful or criminal conduct.

31. As a result of defendants' actions plaintiffs experienced personal injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

**FIRST CLAIM**

**(FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)**

32. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

33. Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

34. Accordingly, defendants are liable to plaintiffs for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

**SECOND CLAIM**

**(EXCESSIVE FORCE UNDER FEDERAL LAW)**

35. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

36. The individual defendants' use of force upon plaintiffs, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiffs pain and injury.

37. Accordingly, defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

**THIRD CLAIM**

**(VIOLATING PLAINTIFF'S RIGHT TO FREE SPEECH UNDER FEDERAL LAW)**

38. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

39. Plaintiffs exercised free speech during the incident by, among other things, telling the individual defendants that they were mistreating him and that the individual defendants were acting in an unlawful manner.

40. Plaintiffs' use of free speech was a motivating factor in the individual defendants' decision to arrest, and prosecute him. Accordingly, defendants are liable to plaintiffs under the First Amendment to the United States Constitution for violating plaintiffs' right to free speech.

**FOURTH CLAIM**

**(FAILURE TO SUPERVISE)**

41. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

42. The supervisor defendants are liable to plaintiffs because they supervised the subordinate individual defendants concerning above-mentioned unlawful acts against plaintiffs, and approved their unlawful actions.

## FIFTH CLAIM

### (FABRICATED EVIDENCE)

43. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

44. Defendants are liable to plaintiffs because they intentionally conspired to fabricate evidence against them, depriving them of liberty without due process of law.

45. In addition, defendants used and presented the fabricated evidence to prosecute plaintiffs, not as advocates but as investigators.

46. Further, the defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that police officer who knowingly use false evidence at trial to obtain a conviction act inconstitutionally.

47. Furthermore, defendants violated the law by making false statements of fact in a certification for determination of probable cause and/or a conviction, because they performed a function of a complaining witnesses rather than an advocate.

## SIXTH CLAIM

### (MALCIOUS PROSECUTION UNDER FEDERAL LAW)

48. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

49. Defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with

malice, the defendants initiated a malicious prosecution against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors, grand jury, and/or the court(s), which alleged plaintiffs had committed various crimes; and based upon these false statements, prosecutors prosecuted plaintiffs until the cases against plaintiffs were dismissed in their entirety.

50. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

51. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

52. The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiffs.

## SEVENTH CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

53. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

54. Defendants are liable to plaintiffs because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiffs.

## **EIGHT CLAIM**

### **(42 U.S.C. § 1985 CONSPIRACY)**

55. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

56. The individual defendants arrested plaintiffs in continuation of defendant City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in order to meet productivity goals in minority and low-income neighborhoods.

57. Defendants are liable to plaintiffs because they conspired against plaintiffs based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiffs of equal protection of the privileges and immunities under the law, and committed an act in furtherance of the conspiracy, which injured plaintiff.

## **NINTH CLAIM**

### **(FEDERAL MONELL CLAIM AGAINST THE CITY OF NEW YORK)**

58. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

59. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

60. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are

unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

61. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

62. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low-income neighborhoods.

63. In addition, the following are municipal policies, practices and customs: (a) arresting innocent individuals, based on a pretext, in order to meet productivity goals; (b) fabricating evidence against individuals; (c) using excessive force against individuals; and (d) retaliating against individuals who engage in free speech.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

      a.    Compensatory damages in an amount to be determined by a jury;

      b.    Punitive damages in an amount to be determined by a jury;

      c.    Costs, interest and attorney's fees;

      d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
             July 20, 2012

                          ANDREW S. RENDEIRO, ESQ.
*Attorney for Plaintiff*
Flamhaft Levy Hirsch & Rendeiro LLP
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 237-1900
asrendeiro@yahoo.com
By:

_____/S/_____
ANDREW S. RENDEIRO


MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
mhueston@nyc.rr.com

_____/S/_____
MICHAEL O. HUESTON